IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| STATION OPERATORS, INC., d/b/a EXXONMOBIL CORS | § § § § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Tony Cimino, who was adversely affected by Defendant Station Operators, Inc.'s, unlawful practices. As alleged with greater particularity in paragraphs 8-16 below, Station Operators, Inc. ("SOI"), unlawfully discriminated against Mr. Cimino by firing him, after unlawfully failing to provide him with reasonable accommodation for his disability.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to § 102 of the Civil Rights of Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      Defendant SOI is a Delaware corporation. At all relevant times, SOI has been doing business in the State of Texas and the City of Humble, and has continuously had at least 15 employees. SOI may be served by serving its registered agent for service of process, Prentice Hall, 800 Brazos, Austin, Texas, 78701.

5.      At all relevant times, Defendant SOI has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant SOI has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Tony S. Cimino filed a charge with the Commission alleging violations of Title I of the ADA by Defendant SOI. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least April 2004, Defendant SOI has engaged in unlawful employment practices directed from ExxonMobil's Bell Street headquarters in Houston, Texas, in violation of Sections 101 et. seq. of Title I of the ADA, 42 U.S.C. § 12101 et seq.

9. In March 2004, Defendant SOI hired Tony S. Cimino to work as a cashier, a position also called "Sales Associate," at a service station. For the two years prior to being hired by Defendant, Mr. Cimino had worked as a cashier at a Shell service station.

10. When Defendant contacted Mr. Cimino's prior employer, it was advised that Mr. Cimino's job performance as a Shell cashier was "Good."

11. Soon after being hired by Defendant, Mr. Cimino began working at location #6-9908, in Humble, Texas. While employed by Defendant, Mr. Cimino was never cited for substandard job performance.

12. In April 2004, Store Manager-in-Training Darryl Palmer replaced Nadi Peterson as manager of service station #6-9908. In mid-April 2004, Palmer requested that Mr. Cimino work a double shift, i.e., work the 10PM to 6 AM shift after Mr. Cimino had completed his customary 2PM to 10PM shift.

13. Cimino advised Palmer that he had bad knees. Since birth, Cimino has been afflicted with the genetic disorder osteogenesis imperfecta, also known as "brittle bone disease." Palmer was advised by Cimino that due to his impairment, he would need to be provided with a stool for "sit breaks" in order for Cimino to work the requested double shift.

14. Defendant asked that Cimino supply a doctor's note documenting his condition, and Cimino promptly complied by providing a signed doctor's note dated April 14, 2004, which stated, "No prolonged standing for over 2 hours. Thank you."

15. After receiving this note, Defendant's "Territory Manager" Yogesh Thakkar sent an e-mail to ExxonMobil Safety Advisor Julie Lechelt. The electronic correspondence asked "how we need to accommodate this situation in our work place."

16. Instead of accommodating Mr. Cimino's impairment, SOI fired Mr. Cimino. Before noon on April 16, 2004, an ExxonMobil Case Management Specialist had pronounced Mr. Cimino "unfit for duty." Prior to making the "unfit for duty" determination, the ExxonMobil Case Management Specialist -- who purported to be a registered nurse -- did not examine or even interview Mr. Cimino.

17. The effect of the practices complained of in paragraphs 8-16 above has been to deprive Tony S. Cimino of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability. SOI's failing to accommodate Mr. Cimino and firing Mr. Cimino violated the ADA.

18. The unlawful employment practices complained of in paragraphs 14-16 above were intentional.

19. The unlawful employment practices complained of in paragraphs 14-16 above were done with malice or with reckless indifference to the federally protected rights of Tony Cimino.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant SOI, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in failing to accommodate impaired employees and firing them, and any other employment practice which discriminates on the basis of disability.

B.    Order Defendant SOI to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant SOI to make whole Tony S. Cimino, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Tony S. Cimino.

D.    Order Defendant SOI to make whole Tony S. Cimino by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8-16 above, including job search expenses and any medical expenses incurred as a result of loss of participation in the ExxonMobil employee benefit plan, in amounts to be determined at trial.

E.    Order Defendant SOI to make whole Tony S. Cimino by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8-16 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendant SOI to pay Tony S. Cimino punitive damages for its malicious and reckless conduct, as described in paragraphs 14-16 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                                          Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507


 /s/ Timothy M. Bowne
Timothy M. Bowne
Senior Trial Attorney
Attorney-in-Charge
Texas Bar No. 00793371
Southern Dist. of Texas No. 20023
Equal Employment Opportunity
      Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002
(713) 209-3395
(713) 209-3402 [facsimile]

OF COUNSEL:

Rose Adewale-Mendes
Supervisory Trial Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 6th Floor
Houston, Texas 77002