UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-06-3031 |
| STATION OPERATORS, INC., D/B/A EXXONMOBIL CORS, | § § § § | |
| *Defendant*. | § § | |

## ORDER

Pending before the court are defendant's motion for summary judgment and motion for bifurcated trial, and plaintiff's motion for partial summary judgment and motion to exclude. Dkts. 15, 16, 17, and 18. Upon consideration of the motions, the responses, the replies, the summary judgment record, and the applicable law, the court holds as follows:

Defendant's motion for summary judgment is DENIED. Dkt. 16. The plaintiff has demonstrated a genuine issue of material fact as to whether Tony Cimino has a disability. The defendant moved the court to strike some of the plaintiff's summary judgment exhibits. However, the plaintiff addressed the authentication issues to the court's satisfaction. And, the defendant's hearsay arguments fail because the exhibits in question all fall under an exception to hearsay or the underlying facts would constitute admissible evidence at trial in a different form. *See Geiserman v. MacDonald*, 893 F.2d 787, 793 (5th Cir. 1990). Therefore, the defendant's evidentiary objections are overruled. Accordingly, summary judgment is not appropriate.

Defendant's motion for bifurcated trial is DENIED. Dkt. 17. The defendant will not be

prejudiced by presentation of its net worth at trial enough to outweigh the inefficiency of requiring two separate trials.

Plaintiff's motion for partial summary judgment is GRANTED IN PART and DENIED IN PART. Dkt. 18. Plaintiff's motion as it pertains to the requested injunctive relief is DENIED because the plaintiff has not shown that Cimino was a qualified individual with a disability as required to trigger the accommodation assessment process. Plaintiff's motion for partial summary judgment with respect to the defendant's affirmative defenses of (1) prerequisites to suit, (2) statute of limitations, (3) waiver, laches, and estoppel, and (4) constitutional defenses against punitive damages is GRANTED because the defendant has agreed to withdraw them. However, with regard to the other affirmative defenses, the plaintiff's motion for partial summary judgment is DENIED without prejudice to refile in light of defendant's supplemental interrogatory answers of November 13, 2007.

Plaintiff's motion to exclude is GRANTED IN PART and DENIED IN PART. Dkt. 15. Ms. Gann will be allowed to testify as an expert, but only "to opine on the physical limitations Mr. Cimino presented in his doctor's note and its impact on his ability (or inability) to perform the job duties associated with the Sales Associate position" as represented by the defendant in its response. Dkt. 22 at 2.

It is so ORDERED.

Signed at Houston, Texas on November 26, 2007.

_____
Gray H. Miller
United States District Judge